UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| REYNALDO CALDERON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:24-cv-00443-JPH-MG |
| | ) | |
| J. WADAS, | ) | |
| | ) | |
| Respondent. | ) | |

**ENTRY DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner Reynaldo Calderon, an inmate at the Federal Correctional Institution in Terre Haute, Indiana, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He asserts that his constitutional rights are being violated because prison officials will not let him communicate with a former paralegal who had been helping him with his attempts to challenge his conviction in his criminal case. Dkt. 1. The case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.

For the reasons stated below, Mr. Calderon's § 2241 petition is **dismissed without prejudice**.

**I. Legal Standard**

A federal court may issue a writ of habeas corpus only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court

1

that [his] custody violates the Constitution, laws, or treaties of the United States." *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Accordingly, habeas corpus review is available only where the petitioner is "challeng[ing] the fact or duration of his confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). This means, in part, that a challenge to the conditions of confinement may not be brought pursuant to 28 U.S.C. § 2241. *See Robinson v. Sherrod*, 631 F.3d 839, 840–41 (7th Cir. 2011) ("When there isn't even an indirect effect on duration of punishment . . . , we'll adhere to our long-standing view that habeas corpus is not a permissible route for challenging prison conditions.").

A petition for writ of habeas corpus must be dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

## II. Discussion

Here, Mr. Calderon alleges that an acquaintance gave him the name of a former paralegal who might be able to help him with his attempts to challenge his criminal conviction. Dkt. 1 at 8. He put the paralegal on his contact list, and she was initially approved. *Id.* They spoke twice by phone about his case, but then she was blocked as a contact for him, and the Bureau of Prisons ("BOP") has refused to add her back to his contact list. *Id.* He asserts that being denied the ability to contact the former paralegal violates his First, Sixth,

2

and Eighth Amendment rights and asks the Court to order the BOP to reapprove the paralegal as an approved contact for him. *Id.*

Mr. Calderon does not seek release from custody or other relief that would affect the duration of his confinement. He seeks an injunction requiring the BOP to allow him to contact the paralegal who has been blocked from his contact list. But Mr. Calderon's complaints about inability to contact the paralegal do not affect the duration of his punishment. He also is not challenging the fact of his confinement, which would require some argument that his conviction or sentence is infirm.

Because Mr. Calderon is challenging the conditions under which he is being held and not the fact or duration of his confinement, he cannot pursue his claims in a habeas action. Instead, such claims must be raised in a civil rights action. *See Robinson*, 631 F.3d at 840–41.

The Seventh Circuit has instructed district courts "not to recharacterize a prisoner's petition for habeas corpus as a prisoner civil rights complaint without his informed consent" because "a habeas corpus action and a prisoner civil rights suit differ in a variety of respects—such as the proper defendant, filing fees, the means of collecting them, and restrictions on future filings—that may make recharacterization impossible or, if possible, disadvantageous to the prisoner compared to a dismissal without prejudice of his petition for habeas corpus." *Id.* at 841. Here, no attempt to recharacterize the habeas petition as a civil rights complaint shall be made because Mr. Calderon can refile his claims in a civil rights complaint after exhausting his available administrative

remedies as required by 42 U.S.C. § 1997e.  He is warned that the full filing fee for filing a civil action is $405.00.

### III.  Conclusion

Mr. Calderon's § 2241 habeas petition is **dismissed without prejudice** because it is not challenging "the fact or duration of confinement." *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012).  The dismissal of this action is based only on the determination that Mr. Calderon cannot obtain the relief he seeks through a habeas petition.  The Court makes no determination on the merits of Mr. Calderon's claims or whether he may be successful on his claims in a civil rights or other type of action.

The **clerk is directed** to include a civil rights complaint form along with Mr. Calderon's copy of this Order.

Judgment will issue by separate entry.

**SO ORDERED**.

Date: 10/2/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

REYNALDO CALDERON
56126-056
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808